No. 2006R00892 **CR 12 00002 EJD**

HRL

FILED

2012 JAN -4 P 2:40

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

---

**THE UNITED STATES OF AMERICA**

*vs.*

NANCY BLACK

---

# INDICTMENT

<u>Counts One</u>: 18 U.S.C. § 1519 - Alteration of a Record in a Federal Investigation

<u>Count Two:</u> 18 U.S.C. § 1001(a)(2) - False Statement

<u>Count Three and Four:</u> 16 U.S.C. § 1375(b), 50 C.F.R. §§ 216.3, 216.11(b) - Violation of an MMPA Regulation

---

*A true bill.*

Mary Elizabeth Sladek
Foreperson

---

Filed in open court this ___4th___ day of ___January___

A.D. 2012

_____
UNITED STATES MAGISTRATE JUDGE

---

Bail. $ ___summons___  2/2/12  9:30 AM

MELINDA HAAG (CASBN 132612)
United States Attorney

FILED
2012 JAN -4 P 2:41
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR: CR12 00002 EJD HRL |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1001 – False Statement (1 Count); 18 U.S.C. § 1519 – Alteration of a Record (1 Count); Violation of Marine Mammal Protection Act Regulation – 16 U.S.C. § 1375(b), 50 CFR § 216.11(b) (2 Counts) (Class A Misdemeanor); Forfeiture Allegation, 16 U.S.C. §§ 1377(d), 1377(e)(3)(B), 28 U.S.C. § 2461(c) |
| v. | |
| NANCY BLACK, | |
| Defendant. | |
| | SAN JOSE VENUE |

**INDICTMENT**

The Grand Jury Charges:

At all times material to this Indictment, and incorporated by reference in all counts:

**A. The Defendant**

1. NANCY BLACK was a California resident. She operated a whale watching business under the names MONTEREY BAY BOAT CHARTERS, INC. ("MBBC") and MONTEREY BAY WHALE WATCH ("MBWW"). From at least January 2002 through the present, MBBC was a California corporation, and MBWW was a private entity located in Monterey, California.

2. From at least January 2002 through the present, defendant NANCY BLACK ("BLACK") was the president, co-owner, and operator of MBBC and the owner of MBWW.

INDICTMENT

MBWW provided commercial whale watching trips in the Monterey Bay National Marine Sanctuary ("Sanctuary") aboard The Sea Wolf II, a 70-foot commercial passenger vessel, and the Pt. Sur Clipper, a 55-foot commercial passenger vessel. Throughout this period, both vessels were co-owned and operated by defendant BLACK. Defendant BLACK also owned and operated a 22-foot rigid hull inflatable dinghy ("the dinghy") for research and whale watching in the Sanctuary.

### B. The Monterey Bay National Marine Sanctuary

3. In 1992, Congress designated the Sanctuary as one of 13 federally protected National Marine Sanctuaries in the United States and its territories to protect and preserve our Nation's diverse marine ecosystems and the species that inhabit them. The Sanctuary is located off of California's central coast and reaches from Marin to Cambria, encompassing 276 miles of shoreline and 5,322 square miles of ocean. The Sanctuary is located entirely within federal waters and is under the jurisdiction of the United States Department of Commerce, National Oceanic and Atmospheric Administration ("NOAA").

### C. The Marine Mammal Protection Act

4. Congress enacted the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1361, *et seq.*, to protect and conserve marine mammals and their habitats as aesthetic, recreational, and economic resources of international significance. 16 U.S.C. § 1361. The MMPA makes it unlawful for any person, vessel, and other conveyance to take any marine mammal in waters under the jurisdiction of the United States. 16 U.S.C. § 1372(a)(2)(A). It is also unlawful to violate a permit or regulation issued pursuant to the MMPA. 16 U.S.C. § 1375(b).

5. "Person" is defined to include any private person or entity.

6. "Take" is defined as to harass, hunt, capture, or kill or to attempt to harass, hunt, capture, or kill any marine mammal. 16 U.S.C. § 1362(13). The MMPA regulations further define "take" to include, without limitation, any of the following:

- The collection of dead animals or parts thereof;
- the restraint or detention of a marine mammal, no matter how temporary;
- tagging a marine mammal;

INDICTMENT 2

- the negligent or intentional operation of an aircraft or vessel, or the doing of any other negligent or intentional act which results in disturbing or molesting a marine mammal; and

- feeding or attempting to feed a marine mammal in the wild.

50 C.F.R. § 216.3.

7. "Feeding" is defined as offering, giving, or attempting to give food or non-food items to marine mammals in the wild and includes operating a vessel from which feeding is conducted or supported. 50 C.F.R. § 216.3.

8. "Harrassment" means any act of pursuit, torment, or annoyance which -

- has the potential to injure a marine mammal or marine mammal stock in the wild (16 U.S.C. § 1362(18)(A)(i); and

- has the potential to disturb a marine mammal or marine mammal stock in the wild by causing disruption of behavioral patterns, including, but not limited to, migration, breathing, nursing, breeding, feeding, or sheltering (16 U.S.C. § 1362(18)(A)(ii)).

9. "Marine mammal" includes species, and any part of such species, of the order Cetacea, which includes:

- "Killer whales" (*Orcinus orca*)

- "Gray whales" (*Eschrichtius robustus*)

- "Humpback whales" (*Megaptera novaeangliae*)

16 U.S.C. § 1362(6).

10. Humpback whales have been listed as an endangered species under the Endangered Species Act since 1970. 50 C.F.R. §§ 224.101(b), 17.11(h).

**D. NOAA Guidelines For Viewing Marine Mammals**

11. NOAA Guidelines for viewing marine mammals recommend, in part, that vessels:

- Remain at least 100 yards away from whales;

- Ensure that actions do not cause a change in marine mammals' behavior;

- Never attempt to herd, chase, or separate groups of marine mammals or mothers from their young;

- Do not encircle or trap whales between vessel and shore, or between vessels; always leave them an escape route;

- If approached closely by marine mammals while motoring, reduce speed and shift to neutral. Do not reengage props until the animals are observed at the surface, clear of the vessel;

INDICTMENT 3

- Do not crowd other whale watching vessels. When encountering other whale watchers, wait from a distance, then approach cautiously after they have left the area.

**E. Charged Counts**

**COUNT ONE:** (18 U.S.C. § 1519 - Alteration of a Record in a Federal Investigation)

12. On or about and between October 12, 2005 and October 24, 2005, both dates being approximate and inclusive, within the Northern District of California, and elsewhere, the defendant,

NANCY BLACK,

did knowingly alter and caused the alteration of a record and tangible object (to wit: a video recording of October 12, 2005 whale watching activity) with the intent to impede, obstruct, and influence the investigation and proper administration of any matter (to wit: the investigation of the potential take of an endangered humpback whale in the Monterey Bay Marine Sanctuary) and in relation to and in contemplation of such matter, within the jurisdiction of any department and agency of the United States (to wit: the National Oceanographic and Atmospheric Administration).

All in violation of Title 18, United States Code, Sections 1519 and 2.

**COUNT TWO:** (18 U.S.C. § 1001(a)(2) - False Statement)

13. On or about October 24, 2005, in the Northern District of California, the defendant,

NANCY BLACK,

did knowingly and willfully make a material false statement to the National Oceanographic and Atmospheric Administration (to wit: that the video recording that the defendant provided was the original recording, when that recording had in fact been altered) in a matter (to wit: the investigation of the potential take of an endangered humpback whale in the Monterey Bay National Marine Sanctuary) before the National Oceanographic and Atmospheric Administration, an executive branch agency of the Department of Commerce.

All in violation of Title 18, United States Code, Section 1001(a)(2).

INDICTMENT 4

**COUNT THREE:** (16 U.S.C. § 1375(b), 50 C.F.R. §§ 216.3, 216.11(b) – Violation of an MMPA Regulation)

14. On or about April 25, 2004, in the Northern District of California, the defendant,

NANCY BLACK,

did knowingly and unlawfully violate a regulation of the Marine Mammal Protection Act by feeding and attempting to feed a marine mammal (to wit: killer whale) in the Monterey Bay National Marine Sanctuary.

All in violation of the Marine Mammal Protection Act, Title 16, United States Code, Section 1375(b) and Title 50, Code of Federal Regulations, Sections 216.3 and 216.11(b).

**COUNT FOUR:** (16 U.S.C. § 1375(b), 50 C.F.R. §§ 216.3, 216.11(b) – Violation of an MMPA Regulation)

15. On or about April 11, 2005, in the Northern District of California, the defendant,

NANCY BLACK,

did knowingly and unlawfully violate a regulation of the Marine Mammal Protection Act by feeding and attempting to feed a marine mammal (to wit: killer whale) in the Monterey Bay National Marine Sanctuary.

All in violation of the Marine Mammal Protection Act, Title 16, United States Code, Section 1375(b) and Title 50, Code of Federal Regulations, Sections 216.3 and 216.11(b).

**FORFEITURE ALLEGATION**: (16 U.S.C. §§ 1377(d), 1377(e)(3)(B), 28 U.S.C. § 2461(c) – Forfeiture )

16. The allegations in Counts Three and Four hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

17. Upon a conviction of any of the offenses alleged in Counts One through Seven, or Count Twelve, above, the defendant,

NANCY BLACK,

INDICTMENT     5

shall forfeit to the United States any vessel and other item used in connection with and as a result of a violation of Title 16, United States Code, Section 1375(b), including but not limited to:

(a) 22' rigid hull inflatable dinghy and her gear, tackle, engines, and trailer.

DATED: January 4, 2011                          A TRUE BILL.

*Mary Elizabeth Sladek*
FOREPERSON

MELINDA HAAG
United States Attorney

*Jeff Nedrow*
JEFF NEDROW
Chief, San Jose Branch Office


IGNACIA S. MORENO
Assistant Attorney General, Environmental
and Natural Resources Division

*Christopher L. Hale*
Christopher L. Hale
Department of Justice Trial Attorney

INDICTMENT                                    6

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED
2012 JAN -4 P 2: 41
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

## OFFENSE CHARGED
SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
SEE ATTACHMENT

**DEFENDANT - U.S.**
▶ NANCY BLACK

**DISTRICT COURT NUMBER**
CR 12 00002 EJD

## PROCEEDING
Name of Complainant Agency, or Person (&Title, if any)
NOAA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed _____

DATE OF ARREST ▶ _____ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ _____ Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM
MELINDA HAAG
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)
CHRISTOPHER HALE

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☑ SUMMONS ☐ NO PROCESS* ☐ WARRANT Bail Amount: _____

If Summons, complete following:
☑ Arraignment ☑ Initial Appearance

Defendant Address:
Nancy Black
c/o Mark R. Vermeulen
Law Office of Mark R. Vermeulen
755 Florida St. #4

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: FEBRUARY 2, 2012, 9:30AM

Before Judge: MAGISTRATE JUDGE PAUL S. GREWAL

Comments:

# ATTACHMENT TO PENALTY SHEETS

## U.S.
## v.
## NANCY BLACK

**Counts One**: 18 U.S.C. § 1519 - Altercation of a Record in a Federal Investigation

Penalties:

| | |
|---|---|
| Maximum prison sentence | 20 years |
| Fine | $250,000 |
| Supervised release term | 3 years |
| Special assessment | $100 |

**Count Two:** 18 U.S.C. § 1001(a)(2) - False Statement

Penalties:

| | |
|---|---|
| Maximum prison sentence | 5 years |
| Fine | $250,000 |
| Supervised release term | 3 years |
| Special assessment | $100 |

**Count Three and Four:** 16 U.S.C. § 1375(b), 50 C.F.R. §§ 216.3, 216.11(b) - Violation of an MMPA Regulation

Penalties:

| | |
|---|---|
| Maximum prison sentence | 1 years |
| Fine | $100,000 |
| Supervised release term | 1 years |
| Mandatory special assessment | $100 |